IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| VONCELLE ANTHONY,                              )<br>                                                )<br>            Plaintiff,           )<br>                                                )      Civil No. 1999-78<br>v.                                              )<br>                                                )<br>MAZDA MOTOR OF AMERICA, d/b/a )<br>MAZDA NORTH AMERICAN              )<br>OPERATIONS,                                 )<br>                                                )<br>            Defendant.          )<br>_____) | |

ATTORNEYS:

**Joseph Caines, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff,*

**Bruce P. Bennett, Esq.**
St. Croix, U.S.V.I.
    *For the defendant.*

<u>MEMORANDUM OPINION</u>

GÓMEZ, C.J.

Before the Court is the appeal of defendant Mazda Motor of America d/b/a Mazda North American Operations ("Mazda") from the Magistrate Judge's order entered on March 9, 2007, granting plaintiff Voncelle Anthony's ("Anthony") motion for sanctions against Mazda.

I. **FACTS**

On May 21, 1997, Anthony was operating a Mazda B3000 truck when she collided with another vehicle. On May 17, 1999, Anthony

commenced a product liability action against Mazda in connection with the deployment of an airbag in her truck.

Anthony and Mazda resolved this matter through mediation on March 30, 2006, days before they were scheduled to go to trial.[1] Both Anthony and Mazda signed a written agreement (the "Settlement Agreement"), dated March 30, 2006, which states:

1. The defendant shall pay the plaintiff, Voncelle Anthony, the sum of $85,000, payable in 30 days.

2. The plaintiff shall execute a full release of all claims, with an incorporated confidentiality clause, to be drafted by defendant.

3. Stipulation of dismissal with prejudice.

4. The parties will otherwise bear their representative costs.

(Settlement Agreement, March 30, 2006.)

Thereafter, Mazda drafted a release and settlement agreement (the "Global Release"). The Global Release would have discharged all of Anthony's claims against Mazda. It would have also discharged Anthony's claims against several entities that were neither parties to the action nor the Settlement Agreement, including: "the Tokyo Marine & Nichido Fire Insurance Company, Ltd., TM Claims Service, Inc., the Ford Motor Company, Plaza

---

[1] The trial in this matter was scheduled to begin on April 3, 2006.

Motors Corporation, and all suppliers of parts to the subject vehicle." (Global Release 4.)

Anthony refused to sign the Global Release, asserting that none of the entities except Mazda had ever been parties to the action. Anthony argued that she had agreed to release and settle with Mazda only. On May 18, 2006, Anthony filed a motion to compel Mazda to draft a release and settlement agreement between Anthony and Mazda only. On June 16, 2006, Anthony filed a motion for sanctions against Mazda's counsel, Bruce Bennett, Esq. The motion sought payment for excess costs, expenses, and attorneys' fees related to post-settlement motion practice. Mazda filed oppositions to both of Anthony's motions.

By an order entered on March 9, 2007, the Magistrate Judge directed Mazda to "draft a release and settlement agreement as it relates to the parties before the Court, specifically, Voncelle Anthony and Mazda . . . . within ten days of the date of this Order." (Opinion and Order 4-5, March 7, 2007.) The Magistrate Judge also granted Anthony's motion for sanctions relating to post-settlement litigation costs and attorneys' fees in the March 9, 2007, order. Additionally, the March 9, 2007, order stated that "[Anthony] shall be awarded interest on the settlement award at the standard rate *nunc pro tunc* to March 30, 2006." (*Id.*)

*Anthony v. Mazda Corp.*
Civil No. 1999-78
Memorandum Opinion
Page 4

On March 16, 2007, Mazda filed a notice of appeal of the Magistrate Judge's March 9, 2007, order, pursuant to Local Rule of Civil Procedure 72.1(b) ("Local Rule 72.1").

As of the date of this Memorandum Opinion, the Court is unaware if Mazda has made any payment to Anthony pursuant to the Settlement Agreement or the March 9, 2007, order.

## II. DISCUSSION

Pursuant to Local Rule 72.1, any party may appeal from a Magistrate Judge's determination of a non-dispositive order within ten days after entry of the order. *See* L.R.Ci. 72.2(b)(3)(A) (1993). "A District Judge shall consider the appeal and set aside any portion of the Magistrate's order found to be clearly erroneous or contrary to law." *Id.* Where a Magistrate Judge has

## III. ANALYSIS

Mazda has appealed the March 9, 2007, order to the extent that it imposes sanctions against Mazda's counsel and awards Anthony pre-judgment interest on the settlement amount.

**A.   Sanctions**

Though neither party has addressed the issue, the Court must determine whether Mazda has standing to challenge the Magistrate Judge's imposition of sanctions. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the

*Anthony v. Mazda Corp.*
Civil No. 1999-78
Memorandum Opinion
Page 5

court shall dismiss the action."); *see also Adapt of Philadelphia v. Philadelphia Housing Auth.*, 433 F.3d 353, 361 (3d Cir. 2006) (noting that courts have "the inherent obligation to satisfy ourselves that appellate jurisdiction attaches to the instant appeals"); *Creekmore v. Attorney General of Texas*, 116 F. Supp. 2d 767 (E.D. Tex. 2000) (noting that "[f]ederal courts are under an independent obligation to examine their own jurisdiction ...[,] [a]ccordingly if the parties failed to raise the question, the issue of standing is to be addressed *sue sponte* by the court at the trial or appellate stage of proceedings" (quotations and citation omitted)).

The March 9, 2007, order granted "the plaintiff's motion for sanctions as it relates to the post-settlement motions." (Opinion and Order 5, March 9, 2007.) Anthony's motion for sanctions specifically requested that sanctions be imposed against Bruce P. Bennett, Esq., Mazda's counsel. In granting Anthony's motion for sanctions, the Magistrate Judge imposed sanctions upon Attorney Bennett, not against Mazda.

Since Attorney Bennett is responsible for the payment of the sanctions awarded against him, Mazda has no pecuniary interest in the award to confer standing to appeal. Also, the Court is unaware of any other interest of Mazda's in the award of sanctions against Attorney Bennett. Therefore, Mazda lacks

*Anthony v. Mazda Corp.*
Civil No. 1999-78
Memorandum Opinion
Page 7

not unilaterally delegate to a magistrate judge its authority to make final determinations of the parties' substantive rights,[3] such as their entitlement to prejudgment interest. *See Conetta v. National Hair Care Centers, Inc.*, 236 F.3d 67, 72-73 (1st Cir. 2001) (explaining that 28 U.S.C. § 636(b)(1)(A), which provides that a district judge may designate a magistrate judge to determine "any pretrial matter," did not encompass a final determination as to a party's entitlement to prejudgment interest); *cf. Pfizer Inc. v. Uprichard*, 422 F.3d 124, 130 (3d Cir. 2005) (holding that a Magistrate Judge had the authority to amend a judgment to reflect the award of prejudgment interest that had previously been stipulated to by the parties).

---

[3] "Certain [non-dispositive] matters may be referred to a magistrate for her to hear and determine-that is, to rule on and enter an order or judgment[,] . . . . subject to review in the district court only for clear error." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 925 F.2d 853, 854-55 (5th Cir. 1991) (referring to the non-dispositive matters described in 28 U.S.C. § 636(b)(1)(A)). However, for dispositive pretrial and posttrial matters, "the magistrate is authorized only to hold an evidentiary hearing on the matter, . . . propose . . . findings of fact and to recommend a disposition of the matter[,] . . . . subject to *de novo* review by the district court." *Id.* (Referring to the dispositive matters described in 28 U.S.C. § 636(b)(1)(B)). Additionally, "if the parties consent, under 28 U.S.C. § 636(c) a magistrate may conduct any and all proceedings in any civil matter referred to it by the district court, including trial, and enter judgment for the court." *Id.*

*Anthony v. Mazda Corp.*
Civil No. 1999-78
Memorandum Opinion
Page 8

Indeed, the consent of the parties is required before a district court may refer to a magistrate judge the determination of a party's entitlement to prejudgment interest. *See* 28 U.S.C. § 636(c)(1)[4]; *see also Sellers v. Delgado College*, 902 F.2d 1189, 1190 (5th Cir. 1990) (affirming a final judgment awarding damages and prejudgment interest, which was entered by the Magistrate Judge after the parties had consented to his determination of the matter). Though Mazda has not raised the issue, the Court notes that the parties failed to consent to the authority of the Magistrate Judge to determine Anthony's entitlement to prejudgment interest on the settlement amount.[5]

Accordingly, the Court will vacate the March 9, 2007, order, and review *de novo* whether Anthony should be awarded prejudgment interest on the settlement amount. *See First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995-97 (10th Cir. 2000) (holding that, because all parties failed to consent to the magistrate judge's authority to enter a dispositive order, the district court was obligated to make a *de novo* determination of the basis for such

---

[4] The relevant portion of 28 U.S.C. § 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c)(1).

[5] Furthermore, this Court never referred this matter to the Magistrate Judge.

*Anthony v. Mazda Corp.*
Civil No. 1999-78
Memorandum Opinion
Page 9

order when the non-consenting defendant objected to magistrate judge's remand order by filing a motion for reconsideration); *cf.* Fed. R. Civ. P. 72(b) ("The district judge . . . shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.").

Upon review of the record, it is clear that Mazda became obligated to pay Anthony $85,000 thirty days after the Settlement Agreement was signed. While the Settlement Agreement failed to specify any interest that would be applied in the event Mazda failed to make the payment on time, the Court may, in its discretion, award Anthony prejudgment interest.[6]

The Third Circuit has explained the considerations that should guide a district court in exercising its discretion to award prejudgment interest:

> As a general rule, prejudgment interest is to be awarded when the amount of the underlying liability is reasonably capable of ascertainment and the relief granted would otherwise fall short of making the claimant whole because he or she has been denied the use of the money which was legally due. Awarding prejudgment interest is intended to serve at least two purposes: to compensate prevailing

---

[6] Title 11, section 951 of the Virgin Islands Code ("Section 951") sets the legal rate of interest at 9% per annum on "all monies which have become due . . . and . . . money due or to become due where there is a contract and no rate is specified." V.I. CODE ANN. tit. 11, § 951(a)(1), (4) (1985).

standing to appeal the imposition of sanctions against Attorney Bennett. *See Bartels v. Sports Arena Employees Local 137*, 838 F.2d 101, 104 (3d Cir. 1988) ("We will not review the imposition of sanctions as plaintiffs have no standing to appeal from the order providing for them as they were imposed only against the [plaintiffs' attorneys]."); *see also Estate of Bishop*, 905 F.2d at 1276 ("Because a party can hardly be expected to shoulder the financial burden of sanctions entered against its attorney, it lacks the requisite interest for standing to appeal."); *Marshak v. Tonetti*, 813 F.2d 13, 21 (1st Cir. 1987) ("Since the award must be paid by [the plaintiff's attorney] alone, plaintiff has no pecuniary or, we think, other sufficient interest in the award to confer standing to appeal."). Accordingly, the Court will dismiss Mazda's appeal as it relates to the order for sanctions.

**B. Interest**

Mazda argues that the Magistrate Judge erred by awarding Anthony prejudgment interest on the settlement amount.[2] The decision to award prejudgment interest lies within the sound discretion of the district court. *See Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 208 (3d Cir. 2004). A district court may

---

[2] Mazda also construes the imposition of interest as a sanction and argues that such a sanction is improper. However, there is nothing in the March 9, 2007, order to suggest that the award of interest was imposed as a sanction.

> parties for the true costs of money damages incurred, and, where liability and the amount of damages are fairly certain, to promote settlement and deter attempts to benefit from the inherent delays of litigation. Thus prejudgment interest should ordinarily be granted unless exceptional or unusual circumstances exist making the award of interest inequitable.

*Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 208 (3d Cir. 2004) (citation and quotation omitted); *see also Booker v. Taylor Milk Co., Inc.*, 64 F.3d 860, 869 (3d Cir. 1995) ("To fulfill [its] make-whole purpose, prejudgment interest should be given in response to considerations of fairness and denied when its exaction would be inequitable." (internal citation and quotation omitted)); *Davis-Richards v. Gov't of the V.I.*, 33 V.I. 83, 89-90 (Terr. Ct. 1996) (considering whether the equities favored awarding prejudgment interest under Section 951 before exercising the court's discretion to do so).

The Court finds that the amount due was easily ascertainable simply by looking to the terms of the Settlement Agreement, which clearly obligated Mazda to pay Anthony $85,000 on May 1, 2006. *See Antilles Ins. v. James*, 30 V.I. 230, 256-57 (D.V.I. App. Div. 1990) (explaining that Section 951 authorizes prejudgment interest "where the amount due is in money and therefore easily ascertainable" (citation and quotation omitted)). Additionally, by refusing to pay Anthony on May 1, 2006, Mazda denied Anthony the use of $85,000 that became due to her on that date.

Therefore, the Court finds that an award of prejudgment interest is necessary to make Anthony whole, as she has been denied the use of money legally due to her. *See, e.g., Booker,* 64 F.3d at 869 (holding that the plaintiff in a discrimination action was "entitled to prejudgment interest for the loss of the use of the amount included in the back pay award").

Finally, it was Mazda's improper attempt to add non-parties to the Global Release despite the unambiguous terms of the Settlement Agreement that caused the delay in payment and unnecessarily prolonged the litigation of this matter. An award of prejudgment interest would therefore prevent Mazda from wrongfully benefitting from the use of Anthony's money while it extended litigation long after the parties had agreed to end this matter. *See, e.g., Anthuis v. Colt Industries Operating Corp.,* 971 F.2d 999, 1010 (3d Cir. 1992) (upholding an award of prejudgment interest because the plaintiff's severance benefits were wrongfully withheld in violation of an ERISA plan).

Accordingly, the Court will award Anthony prejudgment interest on the $85,000 settlement amount, from May 1, 2006, until the date of payment.

## IV. CONCLUSION

For the reasons stated above, the Court will dismiss Mazda's appeal to the extent it challenges the imposition of sanctions

*Anthony v. Mazda Corp.*
Civil No. 1999-78
Memorandum Opinion
Page 12

against Attorney Bruce P. Bennett. The Court will also vacate the portion of the March 9, 2007, order awarding prejudgment interest to Anthony on the settlement amount. Based on its own *de novo* review of the matter, the Court will award Anthony interest on the settlement amount, as of May 1, 2006. An appropriate judgment follows.

**DATED: August 20, 2007**              S\_____
                                         **Curtis V. Gómez**
                                         **Chief Judge**

Copy:

    Hon. Geoffrey W. Barnard
    Joseph Caines, Esq.
    Bruce P. Bennett, Esq.
    James L. Hymes III, Esq.
    Claudette Donovan
    Carol Jackson
    Lydia Trotman
    Olga Schneider
    Eurita Wright
    Bailey Figler, Esq.