IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| VONCELLE ANTHONY and<br>VONCELLE ANTHONY for and on<br>behalf of KAMARI LEWIS,<br><br>                    Plaintiffs,<br><br>v.<br><br>RICHARD ABBOTT, ET AL.,<br><br>                    Defendants. | CASE NO. 1999-78 |

**MEMORANDUM OPINION AND ORDER**

Before the Court is plaintiff's "Motion for Judgment and Attorney Fees" (ECF 343). This motion is one in a continuing string related to an award of sanctions against counsel for defendant, in an amount to be measured by "attorney's fees expended," pursuant to an Opinion and Order entered by the Magistrate Judge on March 9, 2007 (Docket Entry 314).

**I. Background**

On March 30, 2006, Voncelle Anthony and Mazda Motor of America, Inc. d/b/a Mazda North American Operations ("Mazda") reached a settlement in mediation.[1] Counsel to Mazda, Attorney Bruce Bennett, prepared a release that included entities that were not parties to the action, and plaintiff refused to sign the release. Thereafter,

---

[1] Plaintiffs had settled with Richard Abbott on February 4, 2005, and on April 21, 2006, Kamari Lewis' claims were dismissed without prejudice.

*Voncelle Anthony, et al. v. Richard Abbott, et al.*
Civil No. 1999-78
Page 2

Anthony moved to require Mazda to draft an appropriate release and, on June 16, 2006 (Docket Entry 307), Anthony moved for sanctions against Attorney Bennett pursuant to 28 U.S.C. § 1927. By Opinion and Order entered on March 9, 2007 (Docket Entry 314), the Magistrate ruled in part that "Mazda will be sanctioned a sum equivalent to the attorney fees expended by plaintiff to file the unnecessary motions that relate to the settlement agreement."[2] The Opinion and Order further provided that "plaintiff shall present her attorney costs to the Court within twenty (20) days of the date of this order."[3]

Mazda appealed the Magistrate Judge's ruling. On August 20, 2007, the Chief Judge ruled that because plaintiff's motion "specifically requested that sanctions be imposed against" Bennett, Mazda lacked standing to appeal the imposition of sanctions.[4]

Mazda and Attorney Bennett appealed the District Court's decision to the Third Circuit Court of Appeals. The Third Circuit, in its Opinion of the Court issued on January 21, 2009 (ECF 334-1), affirmed the District Court's decision that Mazda did not have standing to appeal the sanctions order.

---

[2] *Voncelle Anthony, et al., v. Richard Abbott, et al.,* Civil No. 1999-78, Opinion and Order, p. 4 (D.V.I. filed March 9, 2007).

[3] *Id.* at p. 5

[4] *Voncelle Anthony, et al., v. Richard Abbott, et al.,* Civil No. 1999-78, Memorandum Opinion, p. 5-6 (D.V.I filed August 20, 2007)(ECF 324). The Court also found that Anthony was entitled to interest on the settlement proceeds from 30 days after the date of the Settlement Agreement.

*Voncelle Anthony, et al. v. Richard Abbott, et al.*
Civil No. 1999-78
Page 3

### II. Plaintiff's First Efforts

On April 2, 2007, plaintiff filed an unverified, itemized list entitled "Attorney's Fee [sic] and Costs," which plaintiff stated was submitted in accordance with the Magistrate Judge's Opinion and Order entered on March 9, 2007.[5] In that submission, plaintiff sought $11,118.02 for attorney's fees and costs. Mazda objected, and this Court ultimately found that the form of plaintiff's submission was not adequate to decide the appropriate sanction because (1) it lacked verification of the claimed charges, and (2) there was no evidentiary support for the hourly rate claimed by plaintiff's counsel for the activities described. Plaitiff's counsel was directed to refile this submission, correcting these deficiencies and others the Court noted. See ECF 339, Order dated August 8, 2011.

### III. Plaintiff's Current Motion

In the instant motion[6], plaintiff seeks an award of $10,155.52, which was supported by an affidavit of counsel Joseph Caines (ECF 344),[7] and an unsigned document entitled "Verified Attorney's Fee and Costs (ECF 343-2)." By these documents, plaintiff seeks to have the

---

[5] See ECF 318. This submittal was made several days later than the Order had required. The Court has previously found that this several-day lapse was not significant nor did it cause any prejudice to any party.

[6] Once again, counsel was a few days late in attempting to comply with the Court's order. Again, the Court deems no prejudice to any party to flow from the timing.

[7] Counsel had originally filed an unsigned version of the affidavit along with the motion (ECF 343-1). The executed version was filed several days later.

*Voncelle Anthony, et al. v. Richard Abbott, et al.*
Civil No. 1999-78
Page 4

sanction determined by using an hourly rate of $350.00 per hour,[8] and to include time charges incurred after the March 9, 2007 Opinion and Order was issued.[9]  Defendant's counsel again opposes the award plaintiff seeks (ECF 345), contending, among other things, that the amount is "exaggerated and inflated," in part because of the $350.00 hourly rate used.

Because the Court deemed insufficient the evidence the parties initially submitted on the issue of the appropriate hourly rate, the Court asked for additional submittals, and heard argument and took additional evidence on April 12, 2012.  At the hearing, plaintiff submitted: (in Exhibit 1) unverified information concerning the hourly rates charged by Virgin Islands mediators ($375-$400), and rates charged by the Texas law firm of Vinson & Elkins in a bankruptcy matter (from $110 for a "project assistant" to $825 for a partner); (in Exhibit 2) a copy of an affidavit filed in an unrelated matter reflecting charges of $275 and $300 for work performed by two Virgin Islands attorneys during 2010 and 2011; and (in Exhibit 3) an affidavit from a Virgin Islands attorney who claims to currently

---

[8] Counsel stated at the April 12, 2012 hearing that he "has never really used an hourly rate," and that he arrived at this rate by talking to other, unidentified, attorneys.

[9] In this Court's August 4, 2011 Order, the Court pointed out that time entries postdating March 9, 2007 were not to be included, as they could not have been in the Magistrate Judge's contemplation at the time he issued his opinion granting a sanction measured by "fees expended by plaintiff to file the unnecessary motions." See ECF 339, at p. 4

*Voncelle Anthony, et al. v. Richard Abbott, et al.*
Civil No. 1999-78
Page 5

charge $275 per hour. Defendant objected to the introduction of these materials, and presented in opposition only counsel's representation that his firm would have had an associate perform the tasks for which plaintiff seeks compensation, at a rate at the time the services were performed of between $100 and $150 per hour.

With respect to the issue of the hourly rate to be used, the Court has recognized:

> The [party seeking fees ]has the burden of establishing with sufficient evidence what is a reasonable market rate in light of the complexity of the legal services performed (citation omitted). "The starting point in determining a reasonable hourly rate is the attorneys' usual billing rate, but this is not dispositive." *Pub. Interest,* 51 F.3d at 1188 (citation omitted). Parties seeking reimbursement . . . bear the burden of "produc[ing] satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 896, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).[10]

Further, the rate to be used is the market "rate at the time of the fee petition, not at the time the services were performed." *See Lanni v. New Jersey,* 259 F.3d 146, 149-50 (3d Cir. 2001)(citing *Rode v. Dellarciprete*, 892 F. 2d 1177, 1188-89 (3d Cir. 1990)). Finally, if the Court is not satisfied that the parties by their evidence have established an appropriate rate, the Court may exercise its discretion and fix a reasonable hourly rate. *Loughner v. The*

---

[10] *Berne Corp. v. Gov't of the Virgin Islands*, 2010 U.S. Dist. LEXIS 105265, *13-14 (D.V.I. Sept. 30, 2010).

*Voncelle Anthony, et al. v. Richard Abbott, et al.*
Civil No. 1999-78
Page 6

*Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Charley v. STX Rx, Inc.*, 2011 U.S. Dist LEXIS 101500, *4-5 (D.V.I. Sept. 8, 2011).

Virgin Islands courts faced with this issue have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour. In *Berne*, the Court acknowledged the "Virgin Islands Supreme Court's pronouncement in *Judi's of St. Croix Car Rental v. Weston,* Civ. No. 2007-50, 2008 V.I. Supreme LEXIS 21 (V.I. Apr. 14, 2008), that '$300 per hour is at the high end of the rates normally charged by Virgin Islands attorneys.'" 2010 U.S. Dist. LEXIS 105265, at *15. In *International Leasing & Rental Corp. v. Gann*, 2010 U.S. Dist. LEXIS 28172, *6 (D.V.I. Mar. 23, 2010), the Court noted that rates of $125-$300 "are in accord with customary and prevailing market rates in the Virgin Islands. . . ." And, in *Charley v. STX Rx, Inc.*, supra, 2011 U.S. Dist LEXIS 101500 at *7, the Court found reasonable hourly rates for the experienced plaintiff's attorneys there to be $150 per hour for the associate and $300 per hour for the partner. *See also Equivest St. Thomas, Inc. v. Gov't of the Virgin Islands*, 2004 U.S. Dist. LEXIS 26256, *28-29 (D.V.I. Dec. 31, 2004)(approving fees of $200 and $300 per hour as "above normal" but justified by counsel's expertise and the case's complexity).

*Voncelle Anthony, et al. v. Richard Abbott, et al.*
Civil No. 1999-78
Page 7

Applying these principles to the current motion, the Court first finds that the parties have not provided satisfactory evidence regarding an appropriate reasonable hourly rate to be applied. Rates charged by mediators, or by Texas attorneys in bankruptcy matters, simply do not apply to the circumstances presented here. Nor can the Court give much weight to the affidavits plaintiff's counsel presented, as there is no basis for analogizing the work for which those rates might have been charged to what was required to be done here.[11]

Moreover, under *Lanni* and the authorities discussed in that case, the Court is to determine the rate prevailing at the time the petition was filed. While this action does not present a "prevailing party" attorney's fee motion, the parties have not given the Court any guidance to distinguish this matter from *Lanni* and the cases cited therein. In this case, the original motion that generated an award measured by fees was filed in June 2006, and no party has submitted evidence of what the market rates in the Virgin Islands may have been at that time.[12] Therefore, considering what is before the Court, this Court may use its discretion to determine a reasonable rate.

---

[11] Likewise, the "Occupational Wage Data" defendant's counsel proffered (ECF 348-1) is similarly nonspecific and unhelpful.

[12] In addition, that original motion has been followed by other motions for the award to be reduced to a "judgment", and the resulting proceedings have extended for a number of years. In addressing a request for an award of attorney's fees,

*Voncelle Anthony, et al. v. Richard Abbott, et al.*
Civil No. 1999-78
Page 8

In determining a reasonable rate the Court must look at the services involved. In this case, the Magistrate Judge set the sanction based upon a "sum equivalent to the attorney fees expended by plaintiff to file the unnecessary motions that relate to the settlement agreement." March 9, 2007 Opinion and Order, at p. 4. It is reasonable to assume that the services involved in such activity would include the review of file materials, research, the drafting and filing of the motion and proposed order, the review of any responsive pleadings, and the preparation and filing of any reply. These activities are not highly specialized, but rather are activities that most competent litigators could be expected to engage in during the regular course of their practice. Accordingly, given the range of possible rates provided in the cases discussed above, and taking into consideration the time period over which the current issues have been pending and the Court's ability to adjust for delay, the Court finds that a reasonable hourly rate in these circumstances is $250 per hour.

Next, the Court must determine what activities for which plaintiff's counsel seeks fees fall within those contemplated by the Magistrate Judge's Opinion and Order. Using ECF 345-1 as a reference

---

the court in *Rode v. Dellarciprete*, 892 F.2d 1177, 1184 (3d Cir. 1990), stated that a district court could make "'an appropriate adjustment for delay in payment – whether by application of current rather than historic hourly rates or otherwise.' *Missouri v. Jenkins*, 491 U.S. 274, 109 S. Ct. 2463, 2469, 105 L. Ed. 2d 229 (1989)."

*Voncelle Anthony, et al. v. Richard Abbott, et al.*
Civil No. 1999-78
Page 9

point, the Court finds that the entries on the following dates fall within that Order: April 26, 2006 (0.5 hours); May 18, 2006 (2.50 hours); May 30, 2006 (0.25 hours); June 5, 2006 (0.25 hours); June 13, 2006 (0.25 hours); June 14, 2006 (2.00 hours); and June 15, 2006 (2.50 hours). This yields a total of 8.25 hours. As previously noted, this Court does not believe the March 9, 2007 Opinion and Order could have included within its scope time spent after it was issued. When the $250 per hour rate is multiplied by the 8.25 hours found to have been reasonably expended, the result is that the sanction is in the amount of $2,062.50.

Finally, defendant raises the issue of whether the Court has jurisdiction to "entertain Plaintiff's September 6, 2011 Motion requesting attorney's fees."[13] Relying on the Seventh Circuit case of *Overnite Transportation Co. v. Chicago Industrial Tire Co.*, 697 F. 2d 789 (7th Cir. 1983), defendant argues that for a motion for sanctions pursuant to 28 U.S.C. §1927 to be timely, it must be brought within a reasonable time after final judgment.

Apart from the fact that the Seventh Circuit's decision in *Overnite* is not binding on this Court, the facts that gave rise to it are distinguishable. Here, the Magistrate Judge ordered sanctions pursuant to a motion brought well before the underlying

---

[13] See defendant's Supplemental Opposition, ECF 350.

*Voncelle Anthony, et al. v. Richard Abbott, et al.*
Civil No. 1999-78
Page 10

case was closed pursuant to the District Judge's August 20, 2007 Order. The only issue left to resolve with respect to the sanctions, once all the appeals were exhausted several years later, was the amount. Without elevating form over substance, this Court views the plaintiff's efforts in filing the "motions" in 2010 and 2011 as merely seeking to resolve that long-outstanding issue of amount once and for all. The Court is optimistic that the present Order accomplishes that goal.

Accordingly, it is hereby

ORDERED that, pursuant to the Court's March 9, 2007 Opinion and Order, Attorney Bennett shall pay to plaintiff a sanction in the amount of $2,062.50, on or before 30 days from the date of this Order.

**Dated:** July 9, 2012         S\_____
                                 **RUTH MILLER**
                                 United states Magistrate Judge